**Deguan GAO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–0669–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 5, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

William J. Leone, Acting United States Attorney for the District of Colorado, Mark S. Pestal, Assistant United States Attorney, Denver, Colorado, for Respondent.

PRESENT: STRAUB, SACK, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

Deguan Gao petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court then reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The IJ based his adverse credibility finding on the inconsistency in statements

and testimony regarding Gao's wife's two abortions. The IJ found that Gao's January 2003 testimony directly contradicted the information in Gao's asylum statement, the asylum interview notes and testimony in November 2002. In other words, Gao maintained that his wife was detained for 12 days prior to the March 2000 abortion until January 2003, when he stated that she was detained prior to the June 2000 abortion, not the March abortion. Gao explained that in between his two hearings, his wife had corrected him as to the sequence of events. Nevertheless, the IJ placed great weight on this inconsistency because the IJ considered it unreliable that Gao could remember the correct sequence of events further in time from those events than he could when they were in closer proximity.

The only evidence on which the IJ could evaluate the veracity of Gao's asylum claim was Gao's own testimony and statement. Where the applicant's testimony is believable, consistent, and sufficiently detailed, it may suffice to carry his burden for his asylum claim. *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir.2000). Here, however, Gao's testimony was not consistent. The fact that Gao could not remember the sequence of events constituting the persecution that his family allegedly endured is a specific, cogent reason sufficient to find Gao not credible. *Secaida–Rosales*, 331 F.3d at 307. The adverse credibility finding thereby prevents Gao from carrying both his burden of proof for asylum that there is a reasonably possibility he will be persecuted in China as well as the higher standard for withholding that he will more likely than not be persecuted. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 440, 448, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Gao did not argue his CAT claim and his asylum claim based on his 1989 political statements before the BIA, and did not argue before this Court either of those claims or his asylum claim based on his religion. Therefore, this Court will not consider those claims. *See* 8 U.S.C. § 1252(d)(1); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).